BOARD OF CO. COM'RS OF SOCORRO CO. *v.* LEAVITT and others.

*(Supreme Court of New Mexico.* January 8, 1887.)

1. MUNICIPAL CORPORATIONS—CITY OF SOCORRO—ACT N. M. FEBRUARY 11, 1880—LAWS. 1884, CHS. 37, 38.

    The corporate existence of the city of Socorro, New Mexico, and of other cities in New Mexico, incorporated under the act of February 11, 1880, entitled "An act for the incorporation of cities," has not been disturbed by Laws N. M. 1884, *cc.* 37, 38, and still remains intact.

2. SAME—CITIES IN NEW MEXICO—LAWS N. M. 1884, CHS. 37, 39.

    Laws N. M. 1884, *cc.* 37, 39, relating to the incorporation, disincorporation, and reincorporation of cities, are *in pari materia,* and must be read together, and be taken as part of the same act; and their joint effect is to continue the existence of municipal corporations created under the act of February 11, 1880, entitled "An act for the incorporation of cities," and to enable them, if they choose, to either reincorporate under the provisions of chapter 39, Laws 1884, or to dissolve their corporation absolutely.

Error to Second judicial district court, Socorro county.

*C. C. McComas,* Dist. Atty., for plaintiff in error. *Keeney & Thompson.* and *C. Riley,* for respondents.

BY THE COURT. This was a proceeding by *mandamus* to compel defendants, as officers of the city of Socorro, to deliver to plaintiff the records and property of the city, for the reason, as alleged, that the legislature had annulled the incorporation of said city, and authorized plaintiff, as custodian of such records and property, to demand and receive the same. To the petition and alternative writ the defendants answered. To the answer plaintiff demurred, and the cause was submitted to the court upon the demurrer, and was decided by Judge BELL in favor of defendants, in an able and exhaustive opinion, covering fully the entire case. This opinion meets our views as to the proper construction of the statutes under consideration, and we adopt it as the opinion of this court.

### OPINION OF LOWER COURT.

BELL, J. The petition in this case sets forth that the petitioners compose the board of county commissioners of the county of Socorro and territory of New Mexico, and that they complain against James L. Leavitt and others, residents of the said county of Socorro, whom they aver to be the mayor and other officers of the city of Socorro; that the said city was incorporated under an act of the legislature of New Mexico approved February 11, 1880, and that its incorporation has continued from the date of its incorporation, to-wit, the ——— day of January, 1881, until the passage of the act of April 1, 1884, entitled "An act in reference to incorporated cities." The petition further sets forth that, on the last-mentioned date, the legislative assembly of the territory of New Mexico, by an act by them passed and approved, disincorporated and dissolved all cities before that time organized and incorporated under the aforesaid act approved February 11, 1880, and that, by virtue of said act, the city of Socorro became and was disincorporated and dissolved, and its corporate existence absolutely ended; and that it became the duty of the said defendants, as officers of the said city of Socorro, and they were required by the said act last aforesaid, forthwith to turn over and deliver to the petitioners all books, records, and papers belonging and appertaining to the said city of Socorro at the time of its disincorporation; that the petitioners were by the said act last aforesaid expressly made the custodians of the said books and papers, and were entitled to have and receive the same. It further charges that by the said act last aforesaid it was made the duty of the petitioners to ascertain, settle, and adjust the indebtedness and accounts of said city, incurred during its corporate existence, after the said city was disincorporated as aforesaid; and that although the petitioners, after the disin-

corporation of the said city of Socorro as aforesaid, demanded of the said defendants and officers of the said city that they should turn over and deliver to the petitioners the aforesaid books and papers of the said city, yet that the said defendants wholly refused to so turn over and deliver to the petitioners any property whatever that remained of the said city at the time of its disincorporation, and still refuse to do so, and are attempting to continue the existence of said city in defiance of law. Other allegations are made in the said petition, but it is unnecessary to recite them. Upon this petition, duly verified by the chairman of the board of commissioners, an alternative writ of *mandamus* was issued by the court.

A return has been made to the said writ of *mandamus* by the defendants, as officers of the said city of Socorro, wherein they deny that the legislative assembly of the territory of New Mexico, by the act of the legislature passed and approved on the first day of April, A. D. 1884, and which is mentioned and referred to in the petition, did disincorporate and dissolve all or any of the cities before that time organized or incorporated under the said act of the legislative assembly for the incorporation of cities, approved February 11, 1880; and further deny that, by reason of the said act of the legislative assembly passed and approved on the first day of April, 1884, the said city of Socorro became and was disincorporated and dissolved, or that its corporate existence was thereby ended. They further deny that it became their duty, or the duty of any of them, or that they or any of them were required by the said act, passed and approved on the first of April, 1884, forthwith, or at any time, to turn over and deliver to the said petitioners all or any of the books, records, or property belonging or appertaining to the said city of Socorro, or any books, records, or property whatever. They further deny that the said petitioners were, by the said act of the legislature last mentioned, or by any act thereof, made the custodians of the said books, records, or property, or any part thereof, or that the said petitioners were by the said last-mentioned act entitled to have or receive the said books, records, or property, or any part thereof.

Other matters set forth in the said petition are denied by the defendants in the return to the writ, but I deem it unnecessary to refer to all the matters of denial contained therein. The defendants in the return, further answering the petition, and making return to the said writ, allege that, by the act of the legislative assembly of the said territory entitled "An act to incorporate cities and towns," also approved April 1, 1884, it is provided in section 99 of the said act: "Any city or town which has been formed, organized, or incorporated prior to the passage of this act, or which may hereafter be formed, organized, or incorporated, and have exercised or shall exercise the rights and powers of a municipal corporation, and shall have in office a board of officers, exercising the duties of their offices, and the legality of the formation or organization shall not have been, or shall not be, legally denied or questioned within two years from the date of its formation or organization, shall be deemed to be a legally incorporated city or town, and its formation, organization, or incorporation, shall not be thereafter questioned." That section 105 of the said act last before mentioned provides as follows, to-wit: "Every city or town, incorporated previous to the taking effect of this act, which shall choose to retain such organization, shall, in the enforcement of the powers or the exercise of the duties conferred by the special charter or general law under which the same shall be incorporated, proceed in all respects as provided by such special charter or general law."

The defendants then aver that the said city of Socorro was formed, organized, and incorporated previous to the said last-mentioned act of April 1, 1884, to-wit, on the ——— day of January, 1881, and has exercised the rights and powers of a municipal corporation, and had in office a board of officers exercising the duties of their offices, and that the legality of the formation

or organization had not been legally denied or questioned within two years from the date of its formation or organization. The defendants then allege that, by reason of the passage and approval of the said last-mentioned act of April 1, 1884, the incorporation, organization, and existence of the said city of Socorro, under the said act of February 11, 1880, was continued, perpetuated, and secured, and was placed beyond question; and that said city of Socorro has chosen to retain its organization under the said act of February 11, 1880. This return is verified.

An examination of the acts of the legislative assembly of the territory of New Mexico, passed at its twenty-sixth session, beginning on the nineteenth day of February, 1884, and continuing until the third day of April, 1884, discloses the fact that three acts were passed directly bearing upon the question now under consideration, being, respectively, chapters 37, 38, and 39 of the said acts.

The first of these (chapter 37) is entitled "An act to repeal an act entitled ' An act for the incorporation of cities,' approved February 11, 1880." Section 1 of this act is as follows: "That an act entitled ' An act for the incorporation of cities,' approved February 11, 1880, be, and the same is hereby, repealed." Section 2 is as follows: "That this act shall take effect and be in force from and after its passage." This act was approved April 1, 1884.

The second of these acts, being chapter 38, is entitled "An act in reference to incorporated cities." This was also approved April 1, 1884. Section 1 of this act is as follows: "That the incorporation of all cities heretofore organized and incorporated under an act for the incorporation of cities, approved February 11, 1880, be, and the same hereby are, disincorporated and dissolved." Section 2 of this act is as follows: "That the officers of said corporations shall forthwith turn over and deliver to the county commissioners of the respective counties in which said cities are situate all books, records, and property belonging to the said corporations respectively, and said county commissioners are hereby made the custodians of such books, records, and property of such corporations." Section 3 provides that the said commissioners of the respective counties in which said cities are situate shall ascertain the amount of the indebtedness due and owing by the said cities, and the name of the person or persons to whom any amount is due; and for that purpose every person or persons who may have a claim against such city, or who may hold a warrant due by such city, shall, within a specified time from the passage of the act, and not afterwards, present the same to said board of commissioners, and it is made their duty to approve all such claims as are proper and legal. The act further provides for a method by which such indebtedness should be paid. It is under the provisions of this act that the board of county commissioners have filed their petition in this case.

By the third of these acts to which I have referred, which is chapter 39, and is entitled "An act to incorporate cities and towns," likewise approved April 1, 1884, it is provided, among other things, by section 105 thereof: "Every city or town incorporated previous to the taking effect of this act, which shall choose to retain such organization, shall, in the enforcement of the powers or the exercise of the duties conferred by the special charter or general law under which the same shall be incorporated, proceed in all respects as provided by such special charter or general law." Section 99 provides: "Any city or town which has been formed, organized, or incorporated, previous to the passage of this act, or which may hereafter be formed, organized, or incorporated, and have exercised or shall exercise the rights and powers of a municipal corporation, and shall have in office a board of officers exercising the duties of their offices, and the legality of the formation or organization shall not have been, or shall not be, legally denied or questioned within two years from the date of its formation or organization, shall be deemed to be a legally incorporated city or town, and its formation, organization, or incor-

poration shall not thereafter be questioned." Section 84 provides: "Any city or town, incorporated by special charter, or in any other manner than that provided by this act, may abandon its organization, and organize itself under the provisions of this act, with the same territorial limits, by pursuing the course herein prescribed." Then follows section 85, which is as follows: "Upon the petition of one-eighth of a number equal to the whole number of votes cast at the last preceding annual election for the city or town officers, and who are legal voters in any such city or town, to the council, or trustees thereof, praying that the question of organizing under this act be submitted to the legal voters, the council or trustees shall immediately direct a special election to be held, at which such question shall be decided; specifying, at the same time, the time and place of holding the same, and appointing the judges and clerks of the election." Other sections of this last act under consideration recognize the incorporation and present existence of municipal corporations which have been incorporated under general and special laws of the territory.

As no general law existed for the incorporation of cities, except the act of February 11, 1880, it is clear that chapter 39 of the Laws of 1884 contemplated the existence of such municipal corporations as had been organized under it. It is also quite clear that, if effect is to be given to the provisions of chapter 37 of the Laws of 1884, already cited, and to the first section of chapter 38 of said laws, that the corporation of the city of Socorro would be dissolved. But the three acts under consideration, having all been passed upon the same day, and being *in pari materia*, must be construed together, and be taken to be parts of the same act. This rule is so well settled that it is unnecessary to cite authorities sustaining it. "Where the provisions of the same act are repugnant to each other, the last one in order of time and in local position must be held to prevail." 12 U. S. Dig. 741, §§ 807, 832, 835, 842, 844, 849. The reason of this, of course, is that the latter sections of the same statute, in point of time and local position, must be held to give expression to the latest will of the legislature upon the particular subject under consideration.

Chapter 37 of the Laws of 1884, quoted above, which repeals the act of February 11, 1880, does not affect the organization of such cities as were incorporated under it, but simply prevents future incorporation under its provisions. Section 1 of chapter 38 evidently intended to dissolve and disincorporate such municipal corporations as had been created under the act of February 11, 1880; but the language of its first section is, to say the least, inartificial. It provides that the "incorporation" of cities heretofore organized and incorporated, etc., shall be, and the same are hereby, disincorporated and dissolved. To say that the "incorporation" shall be dissolved can only be held to mean that the "corporation" shall be dissolved by looking at the intent of the legislature. I think it is fairly to be inferred from section 1 of that act, and of the sections which follow it, that it was the intention of the legislature to provide for the dissolution of the corporations created under the act of February 11, 1880, and that is the construction which I feel bound to give to it. This being so, it becomes repugnant to the provisions of chapter 39 of the Laws of 1884, which I have quoted, and several others which I have not quoted, but have referred to, all of which clearly indicate that it was the intention of the legislature to continue the existence of corporations created under the act of 1880, and to enable them, if they chose, to either reincorporate under the provisions of that chapter, or to dissolve their corporation absolutely. All these provisions of chapter 39 are later in point of time and local position than the provisions of chapter 38, which are relied upon to sustain the averment that the city has been disincorporated, and therefore, under the familiar rule already cited, are to be taken as the last expression of the will of the legislature, and be given such force and effect as their language warrants.

It results, therefore, from these views, that the corporate existence of the

city of Socorro has not been disturbed by the legislation of 1884, and that it still remains intact. The effect of chapter 37 of the Laws of 1884 is to prohibit the creation of any future municipal corporations under its provisions, and to compel municipal corporations in the future to incorporate under the act of the same date, and which is chapter 39 of the said acts; but, as I have already held, it has no effect upon the existence of such corporations as had been created under the provisions of the repealed act.

The writ must be discharged, and judgment entered for the defendants. It is therefore ordered that the judgment of the court below be affirmed.