This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                        **No. 32,868**

**TERESA TAPIA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Jacqueline D. Flores, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Acting Chief Public Defender
Josephine H. Ford, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

{1} Defendant appeals from the district court's judgment in an on-record appeal from metropolitan court, which convicted Defendant for driving while intoxicated (DWI). The district court's judgment affirmed the metropolitan court's sentencing order. Unpersuaded that Defendant demonstrated error, we issued a notice of proposed summary disposition, proposing to affirm. Defendant has responded to our notice with a memorandum in opposition. We remain unpersuaded, and affirm.

{2} Defendant contends that the metropolitan court erred by denying her motion to suppress, arguing that the traffic stop was an unconstitutional pretextual stop under *State v. Ochoa*, 2009-NMCA-002, 146 N.M. 32, 206 P.3d 143, based on the officer's impermissible motive to investigate her for DWI, an offense for which the officer had no reasonable suspicion. [DS 20-21] Our notice proposed to hold that based on the totality of the circumstances, Defendant did not establish pretext.

{3} In response to our notice, Defendant provides us with a detailed examination of the facts, but does not challenge any particular fact described in the district court's memorandum opinion, the facts upon which our calendar notice relied. Defendant continues to focus on the officer's testimony that he suspected that Defendant was DWI, and argues that the officer would not have stopped Defendant absent that unrelated motive that was not supported by reasonable suspicion. [MIO 21-22] Defendant also points out that the officer was assigned to the DWI team at the time

2

of the stop. [MIO 22]   Defendant argues the officer's observation of the broken, glaring taillight gave him the opportunity to pull over Defendant and investigate her for DWI. [MIO 22-23]

{4}   It is for the fact finder—in this case, the trial judge—to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lay. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482.  As indicated in our notice and as recognized in the memorandum in opposition, the metropolitan court engaged in a thorough analysis of the evidence, including the officer's testimony. [MIO 16-19]   The metropolitan court weighed all of the evidence, considered the officer's statements, and concluded that the officer did not decide to pull over Defendant until after he observed the broken, glaring taillight, and that the traffic stop was based primarily on that offense. [RP 121; MIO 18] As indicated in our notice, the officer did not pull over Defendant until after he observed the broken, glaring taillight despite his previous observations of other, less clear traffic offenses that were more related to DWI.  [RP 121]

{5}   We agree with the metropolitan court's belief that this Court's opinion in *Ochoa*, 2009-NMCA-002, ¶¶ 39-42, does not prohibit an officer from possessing more than one suspicion about a defendant.  As we stated in our notice, the analysis under *Ochoa* requires the trial court to consider many objective pretext indicators and

weigh many factors in order to determine whether based on the totality of the circumstances, the officer who made the stop would have done so even without an unrelated motive. *See id.* ¶¶ 40-41; *State v. Gonzales*, 2011-NMSC-012, ¶ 12, 150 N.M. 74, 257 P.3d 894.

{6}     Our notice further indicated that where "the objective reason articulated for the stop was necessary for the protection of traffic safety," *see Ochoa*, 2009-NMCA-002, ¶ 41, it is difficult to conclude that an officer would not have made the stop without an unrelated motive.  The officer's stated overarching concern in the current case was that Defendant was driving unsafely and posed a threat to the driving public.  By suspecting that Defendant was speeding at night, not using a turn signal, and driving with defective equipment, the officer was observing mounting evidence that Defendant posed a threat to traffic safety.  We see no error in concluding that the officer acted reasonably by stopping Defendant for a clear equipment violation that was a safety concern for other drivers where the officer suspected that Defendant could pose different and greater threats to the public if left to drive farther.

{7}     We hold that substantial evidence supports the metropolitan court's findings indicating that the officer stopped Defendant for the broken taillight based on his concern for traffic safety.  *See State v. Salgado*, 1999-NMSC-008, ¶ 25, 126 N.M. 691, 974 P.2d 661 (stating that substantial evidence is "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion" (internal quotation marks and citation omitted)).

**{8}** For the reasons stated in our notice and this Opinion, we affirm the district court's judgment affirming the metropolitan court's sentencing order.

**{9}** **IT IS SO ORDERED.**

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**J. MILES HANISEE, Judge**